UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

BOBBY L. TUCKER,

    Defendant.

Case No. 01-cr-40036-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Bobby L. Tucker's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 238). The Court appointed counsel for the defendant, and following *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), counsel continues her representation on a voluntary basis. Counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 268). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government (Doc. 272) and the defendant (Doc. 275) have responded to counsel's motion.

On January 10, 2002, Tucker pled guilty to conspiring to distribute and possess with intent to distribute more than 50 grams of crack cocaine (Doc. 117). Using the 2001 Sentencing Guidelines Manual, Tucker's relevant conduct was 955.8 grams of crack cocaine, resulting in a base offense level of 36. His offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, was increased by three points under U.S.S.G. § 3B1.1(b) for being a manager or supervisor of an organization of five or more participants, and was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility, yielding a total offense level of 38. Tucker was also determined to be a career offender under U.S.S.G.

§ 4B1.1 based on prior felony drug convictions, but since his offense level of 38 under U.S.S.G. § 2D1.1 was higher than the applicable career offender offense level of 34, the Court applied the offense level of 38 under U.S.S.G. § 2D1.1.  Considering Tucker's criminal history category of VI, established by both his criminal history point total and his career offender status, this yielded a sentencing range of 360 months to life in prison.  On April 23, 2002, the Court imposed a sentence of 360 months (Docs. 135 & 136).

In 2009, the Court reduced Tucker's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendments 706 and/or 711, which lowered by two points the base offense levels associated with various amounts of crack cocaine.  Tucker's base offense level was recalculated at 34, rendering a total offense level of 36.  Considering his criminal history of IV, this yielded a sentencing range of 324-405 months.  The Court reduced his sentence to 324 months.

Tucker now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence even further.  Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the

applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider a reduction request for Tucker because he cannot satisfy the first criterion.  Tucker was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Under Amendment 750, the base offense level for 955.8 grams of crack cocaine, Tucker's relevant conduct, is 34, exactly what Tucker's base offense level was before Amendment 750 became effective.  Thus, Tucker's total offense level – and his sentencing range – was the same before and after Amendment 750 and was not lowered by that amendment.

Tucker urges the Court to use its authority recognized in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *United States v. Spears*, 555 U.S. 261 (2009), to impose a sentence that would be equivalent to a sentence for the same amount of powder cocaine.  Those cases, however, were on direct review of a criminal sentence that was not yet final, not a reduction pursuant to 18 U.S.C. § 3582(c)(2) after a sentence had become final, as is the case with Tucker.  Thus, those cases do not authorize the Court to reduce Tucker's sentence.

Because Tucker cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588.  The Court therefore

**GRANTS** counsel's motion to withdraw (Doc. 268) and **DISMISSES** Tucker's *pro se* motion for a sentence reduction (Doc. 238) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:   May 1, 2014**

                                           s/J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**